## LITTLEBOY v. BLANKMAN.

July 2, 1836.

*Rule on the sheriff to bring in the body.*

Where upon a *capias ad respondendum* the defendant gives bail to the sheriff and then puts in special bail, which is excepted to by the plaintiff within the time specified by the rules of court, and the special bail does not justify, nor does the defendant put in new special bail, the court will rule the sheriff to bring in the body:

*Unless* the plaintiff shall omit to apply for such rule in a reasonable time after the non justification of the bail, in which case the court will refuse such rule.

Such application is in reasonable time if made before the period has expired within which the exception to the bail may be made by the terms of the rules of court.

A *CAPIAS ad respondendum* was issued in this case on the 7th of March 1836, returnable on the first Monday of April, which was the 4th. On the 13th of April special bail was put in, to which the plaintiff excepted on the 27th of the same month. Two days afterwards, notice was given that the bail would justify on the next day at an hour named. The bail failed to appear at the time appointed, and at the instance of the defendant, the commissioner of bail granted a postponement of the justification till the 2d of May following. The bail again made default, and no application by the sheriff was made to add new bail. On the 21st of May the rule on the sheriff *to bring in the body* was obtained, returnable on the next Saturday, which was the 28th.

The case was argued by

*Newcomb*, for plaintiff.
*H. J. Williams*, for the sheriff.

The opinion of the Court was delivered by

STROUD, J.—The sheriff resists this rule on the ground that the

plaintiff has been guilty of *laches* in not asking for this rule at an earlier day.

On the arrest the sheriff becomes responsible for the appearance of the defendant. If proper bail be offered it is his duty to take it, and his return with us in such case accords with the fact, and is usually stated in brief *C. C.*, and *B. B.*; if the defendant cannot procure bail he is committed to prison, and the return is *C. C.*, or *C. C. & C.* (*cepi corpus et committitur*). As the sheriff is by law the keeper of the prison, the defendant is deemed to be in his custody when there, and in England the return is that *he has him in custody.*

When a bail bond is taken, the condition is that the defendant shall appear on the return day of the trial to answer the complaint of the plaintiff. This appearance can be effected only by putting in and perfecting special bail; and this, *in strictness*, should be done, at furthest, on the return day. By a rule of court, however, eight days are allowed for this purpose beyond the return day. This is an indulgence to the *sheriff*, designed for his convenience and benefit; and it is his interest as well as his duty to see that good bail be put in within that period.

But although, after having taken a bail bond, the sheriff is bound for the defendant's appearance by special bail, and it is therefore ordinarily in such case in the power of the plaintiff, by proper diligence, to compel the putting in of such bail, yet, by neglect on *his* part, he may become incapacitated from taking advantage of the sheriff's omission to comply with his duty in this particular. Immediately after the expiration of the *eight* days allowed by the rule of court to put in special bail, if it has not been put in, the plaintiff, unless the bail bond has, at his request, been assigned to him, may *obtain a rule to bring in the body*. If without good cause he delay his application for this rule beyond a *reasonable* time from this period, the sheriff's liability to be called upon *in this manner* will be regarded as at an end. We have no reported decisions of our own courts to this effect, but such is the established law of England, (1 *Taunt.* 111; 9 *East* 467; 3 *Bos. & Pul.* 151; 9 *Eng. C. L. Rep.* 435) and is no doubt the law here. What limit is to be affixed to the expression *reasonable time* as applied to this subject, has not been ascertained with precision in England, where the bias of the courts is to exact great vigilance of the plaintiff. With us it must depend mainly upon the rule of court regulating the entry of special bail, viewed in connexion with our practice in reference to proceedings against the

[Littleboy v. Blankman.]

sheriff for particular defaults, either of himself or of the bail below. To the peculiar circumstances of each case some consideration also must necessarily be given.

The rule of court adopted November 7, 1835, so far as its aid may be invoked in the present case, is in these words : " the defendant in actions commenced by *capias* shall have *eight* days from the return day of the writ inclusively thereof to enter special bail ; and if bail be not then entered the bail bond may be sued. If no special bail shall be entered within the said eight days, but shall be entered before the commencement of the *succeeding* term, the plaintiff shall, within the first *four* days of that term, make his exception to the sufficiency of the bail, *or it shall stand.*"

There is a defect in our practice not only on the subject of bail, but in regard to the pleadings, in *not* requiring notice to be given by a party of particular acts done by him from time to time in the progress of a cause. The opposite party is supposed to consult the dockets of a prothonotary, and there ascertain the steps taken by his adversary. Thus in the rule of court just quoted, if bail be not put in within eight days, the defendant may, at any time after and intervening the end of that term, *without* notice to the plaintiff, repair to the office and enter special bail ; and unless the plaintiff by *actual* inspection of the docket becomes acquainted with this proceeding before the expiration of four days of the succeeding term, it will be too late to except : the bail, though insolvent, will stand, and the responsibility of the sheriff cease. It is not to be expected, therefore, that counsel in general will search for bail until near the close of the time permitted for exception ; and, consequently, the sheriff has no right to complain of the plaintiff's delay until it transcend this limit.

The peculiarity of this case is, that the vigilance of the plaintiff's counsel induced an examination of the dockets much earlier than could have been exacted of him, and a more prompt exception to bail followed than the rule required ; and bail not having justified, the right to enter it afterwards without leave of the court no longer existed ; and consequently, after the 2d of May, the sheriff was, in a great measure, at the mercy of the plaintiff. *Nineteen* days only, however, were suffered to elapse before the *rule to bring in the body* was obtained ; and as the period had not expired within which the exception to the bail, if it had been postponed, as it might have been at the election of the plaintiff's counsel, would have been in time by the terms of the rule of court, to hold the plaintiff in *laches* and

I.—2 L

[Littleboy v. Blankman.]

discharge the sheriff would be a severer requisition than this particular case, or the convenience and interest of the sheriff himself in general demands.

The *rule* to bring in the body is therefore made *absolute.*